UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD DWAYNE JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 4:06-cv-7 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| JOHN PRELESNIK, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

This habeas corpus action is before the Court on Petitioner's objections to the report and recommendation of the magistrate judge. Petitioner pleaded guilty in the Chippewa County Circuit Court to kidnaping, armed robbery and possession of a firearm during the commission of a felony. On August 2, 1989, the trial court sentenced Petitioner to concurrent terms of life imprisonment for the kidnaping and armed robbery convictions to be served consecutive to a two-year term for the felony-firearm conviction. The report and recommendation of the magistrate judge concludes that the habeas corpus petition was untimely under the one-year statute of limitations applicable to habeas corpus petitions. 28 U.S.C. § 2241(d)(1). This Court must accord *de novo* review to properly filed objections. 28 U.S.C. § 636(b)(1)(B).

Petitioner first argues that his conviction did not become final, and, thus, the one-year statute of limitations did not begin to run until March 2, 2005, when the Michigan Supreme Court ruled on his motion for relief from judgment. Petitioner's argument clearly is without merit. The statute provides that the one-year period of limitation runs from "the date on which the judgment

became final by the conclusion of *direct review* or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2254(d)(1)(A) (emphasis added). Petitioner received direct review of his conviction in the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied Petitioner's application for leave to appeal on January 31, 1992. Petitioner's direct review concluded upon the expiration of the ninety-day period in which he could have sought review in the United States Supreme Court. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Accordingly, the magistrate judge correctly concluded that Petitioner's conviction became final on April 30, 1992. A petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has one year from the effective date in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001). Petitioner, therefore, had until April 24, 1997, in which to file his petition.

A motion for relief from judgment filed pursuant to M.C.R. 6.500 *et seq.* is not a part of the "direct" review; rather, it is a motion for "collateral" review. While the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, *see* 28 U.S.C. § 2244(d)(2), the tolling provision does not revive the limitations period after it has expired. Because Petitioner's one-year period expired on April 24, 1997, the magistrate judge correctly found that Petitioner's motion for relief from judgment filed in 2005 could not serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner further argues that equitable tolling should be applied in his case. A petitioner seeking equitable tolling of the habeas statute of limitations has the heavy burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005). Petitioner fails

to make any factual allegations whatsoever in support of his claims. Accordingly, Petitioner has failed to demonstrate that he is entitled to equitable tolling. Upon *de novo* review, the Court endorses the reasoning of the report and recommendation and determines that Petitioner's habeas corpus action is indeed time-barred.

A judgment will therefore be entered dismissing the petition.


Date:   February 24, 2006                 /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE